# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

RAYMOND J ORTEGA,

    Plaintiff,

v.                                                                                           No. 1:16-cv-1188 MV/LF

OTERO COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's civil rights complaint. (Doc. 1). Also before the Court is Plaintiff's Motion to Amend. (Doc. 5). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. After reviewing the complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), the Court will dismiss the complaint and grant Plaintiff ninety (90) days from the entry of this Order to file an amended complaint.

## Standards Governing *Sua Sponte* Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, if the initial pleading is defective, *pro se* plaintiffs should be given a reasonable opportunity to file an amended pleading, unless amendment would be futile. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall,* 935 F.2d at 1109.

## Factual Allegations

Plaintiff asserts the Otero County Detention Center (OCDC) was deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. He alleges that on or about September 26, 2013, a correctional officer at OCDC placed him in a dirty cell without socks or shoes. The cell had a hole in the floor that was used as a toilet. The hole contained exposed urine, excrement, and vomit. As a result, Plaintiff contracted an infection in his right leg. The OCDC medical staff left him laying on the floor of the cell for three days. When OCDC finally transported Plaintiff to the hospital, his right leg was amputated. The wound never healed properly because he is diabetic.

## Analysis

The scenario Plaintiff describes would ordinarily survive initial review under § 1915(e). However, the complaint does not name a defendant who is subject to liability. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state

law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[S]tate-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under §1983." *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) (unpublished). Consequently, the complaint against OCDC will be dismissed. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

The Court will permit Plaintiff to file an amended complaint within 90 days of entry of this order. When naming the defendants, Plaintiff should "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Each defendant must have had some personal involvement in the alleged deprivation of medical care. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Further, there must be a connection between the official conduct and the violation of a constitutional right. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). To proceed against supervisory personnel, Plaintiff must allege facts demonstrating: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010). If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

Based on the foregoing, Plaintiff's request to amend the complaint is moot. To the extent the Motion to Amend contains a request to conduct discovery, such relief is premature. In cases where a civil rights complaint survives screening, the record may, if appropriate, be developed

through a *Martinez* Report, which is "a court-authorized investigation and report by prison officials." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). *See also Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1310 (10th Cir. 2010) (courts may delay "discovery pending an evaluation of the [*Martinez*] report"). The Court will therefore deny the Motion to Amend.

IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint (Doc. 1) is DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted; and Plaintiff's Motion to Amend (Doc. 5) is DENIED as moot.

IT IS FURTHER ORDERED Plaintiff may file an amended complaint within 90 days of entry of this order.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE