# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

RAYMOND J ORTEGA,

    Plaintiff,

v.                                             No. 1:16-cv-1188 MV/LF

OTERO COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiff's civil rights complaint. (Doc. 1). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons set out below, the Court will dismiss the complaint without prejudice for failure to prosecute and comply with Court orders.

On October 28, 2016, Plaintiff filed a civil rights complaint alleging the Otero County Detention Center (OCDC) was deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. (Doc. 1, p. 4-5). The complaint alleges that on or about September 26, 2013, a correctional officer at OCDC placed him in a dirty cell without socks or shoes. (Doc. 1, p. 4). The cell had a hole in the floor that was used as a toilet. *Id.* The hole contained exposed urine, excrement, and vomit. *Id.* As a result, Plaintiff contracted an infection in his right leg. *Id.* The OCDC medical staff left him lying on the floor of the cell for three days. *Id.* When OCDC finally transported Plaintiff to the hospital, his right leg was amputated. *Id.* The wound never healed properly because he is diabetic. *Id.*

By a Memorandum Opinion and Order entered January 31, 2018 (Doc. 9), the Court found Plaintiff's factual allegations would certainly survive initial review under 28 U.S.C. § 1915(e). However, the Court dismissed the Complaint without prejudice because it did not identify an individual subject to liability. The Court explained that "[a] cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). "[S]tate-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under §1983." *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) (unpublished).

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days (*i.e.,* until March 2, 2018) to amend his complaint. The Court advised that if he failed to timely file an amended complaint, the case could be dismissed with prejudice. A copy of the Memorandum Opinion was sent to Plaintiff at his last address. However, it appears that Plaintiff has been transferred or released from custody without advising the Court of his new address as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court. (Doc. 22). The action will therefore be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders."); *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding *pro se*, to follow the federal rules of procedure .... The same is true of simple, nonburdensome local rules….") (citations omitted). The dismissal will be without prejudice. It will not count as a "strike" for purposes of 28 U.S.C. § 1915(g) or constitute an adjudication of the merits of Plaintiff's claims.

IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint (Doc. 1) is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b); and a separate judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE